RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 11 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
_____ DIVISION

Kendelle Yarrow Daniels
(Print your full name)

Plaintiff *pro se*,

v.

Holder Construction

_____

(Print full name of each defendant; an employer is usually the defendant)

Defendant(s).

CIVIL ACTION FILE NO.

**1:17-CV-1696**

(to be assigned by Clerk)

## *PRO SE* EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1. This employment discrimination lawsuit is brought under (check only those that apply):

    _____ Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

    **NOTE:** To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

   \_\_\_\_\_   Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 <u>et seq.</u>, for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

   _X_   Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 <u>et seq.</u>, for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

   \_\_\_\_\_   Other (describe) _____

_____

_____

_____

_____

2. This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3. Plaintiff.   Print your full name and mailing address below:

   Name    _Kendelle Yarrow Daniels_

   Address _224 Hamilton Ave._
   _Cuthbert, GA 39840_

4. Defendant(s).   Print below the name and address of each defendant listed on page 1 of this form:

   Name    _Holder Construction_

   Address _3333 Riverwood Parkway Suite 400_
   _Atlanta, GA 30339_

   Name    _____

   Address _____

   Name    _____

   Address _____

## Location and Time

5. If the alleged discriminatory conduct occurred at a location different from the address provided for defendant(s), state where that discrimination occurred:

   _____

Page 3 of 9

6. When did the alleged discrimination occur? (State date or time period)

_____

_____

_____

_____

## Administrative Procedures

7. Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?   _X_ Yes   ____ No

   If you checked "Yes," attach a copy of the charge to this complaint.

8. Have you received a Notice of Right-to-Sue letter from the EEOC?

   _X_ Yes   ____ No

   If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter: _____

9. If you are suing for **age discrimination**, check one of the following:

   ____ 60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

   ____ Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

    _____ Yes  _____ No  __X__ Not applicable, because I was not an employee of, or applicant with, a State agency.

    If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

    _____
    _____
    _____
    _____

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

    _____ Yes  _____ No  __X__ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

    If you checked "Yes," describe below what happened in that administrative process:

    _____
    _____
    _____
    _____

## Nature of the Case

12. The conduct complained about in this lawsuit involves (check only those that apply):

    _____ failure to hire me
    _____ failure to promote me
    _____ demotion
    _____ reduction in my wages
    _____ working under terms and conditions of employment that differed from similarly situated employees
    _____ harassment
    __X__ retaliation
    _____ termination of my employment
    _____ failure to accommodate my disability
    _____ other (please specify) _____

13. I believe that I was discriminated against because of (check only those that apply):

    _____ my race or color, which is _____
    _____ my religion, which is _____
    _____ my sex (gender), which is  _____ male  _____ female
    _____ my national origin, which is _____
    _____ my age (my date of birth is _____)
    __X__ my disability or perceived disability, which is:
    _Surgery Due Breathing Difficulty_

    _____ my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation

    _____ other (please specify) _____

Page 6 of 9

14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

On or about Friday April 15, 2016 I informed my Supervisor John Ivey that my doctor had informed me that I had to have surgery. He told me that I would have to report to Bob Evans, because he did not work for Holder Construction, He was Employed Brittson Construction. I proceeded to inform Mr. Evans. Mr. Evans Inquired as to the date of the surgery. I gave him the date which was within two weeks. On the very next day I was released from my position on fabricated charges. I had never been written or had a verbal reprimand. It is my sincere belief that I was fired a a retaliatory action of my needing to be off for health reasons

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

15. Plaintiff  \_\_\_\_\_ still works for defendant(s)
    \_\_X\_\_ no longer works for defendant(s) or was not hired

16. If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation?  \_X\_ Yes  \_\_\_\_\_ No

    If you checked "Yes," please explain: I believe that I was Released From my position because of pending health Related Reasons

17. If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury trial. Do you request a jury trial? \_\_\_\_\_ Yes \_\_\_\_\_ No

## Request for Relief

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

\_\_\_\_\_ Defendant(s) be directed to _____

\_\_\_\_\_ Money damages (list amounts) _____

\_\_\_\_\_ Costs and fees involved in litigating this case

\_X\_ Such other relief as my be appropriate

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this 8th day of May, 2017

Kendelle Daniels
(Signature of plaintiff *pro se*)

_____
(Printed name of plaintiff *pro se*)

224 Hamilton Ave
(street address)

Cuthbert GA 39840
(City, State, and zip code)

_____
(email address)

404-963-4695
(telephone number)

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kendelle Y. Daniels<br>1082 Coleman Street<br>Atlanta, GA 30313 | From: | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2016-03872 | Sinndy Canot,<br>Investigator | (404) 562-6820 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations** that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
Bernice Williams-Kimbrough,
District Director

**FEB 1 4 2017**
*(Date Mailed)*

Enclosures(s)

cc:
Lisa Fanto
VP, Human Resources
HOLDER CONSTRUCTION
3333 Riverwood Parkway
Suite 400
Atlanta, GA 30339

D. Albert Brannen
FISHER & PHILLIPS
1075 Peachtree Street NE
Suite 3500
Atlanta, GA 30309

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.